UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christina Marie Fantetti,
    Plaintiff

vs

MICHAEL J. ASTRUE,
Commissioner of Social
Security,
    Defendant

Case No. C-1-08-621
(Dlott, C.J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act, ("EAJA") 28 U.S.C. §2412(d) filed on April 29, 2009. (Doc. 12). Plaintiff's attorney requests an award of attorney fees and costs in the amount of $2,801.90 as provided for under the Act. (Id.). To date, no response has been filed by Defendant.

On August 3, 2009, the Court issued a report and recommendation that the decision of the Commissioner of Social Security be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 9). On August 31, 2009, the District Court adopted the report and recommendation and Judgment was entered on the same date. (Docs. 10, 11). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's application for attorney fees was filed on November 18, 2009. (Doc. 12). Thus, it can be argued that Plaintiff's motion is untimely.

It appears that Plaintiff, relying on Federal Rule of Appellate Procedure 4(a)(1)(B), determined that the judgment in this matter became final and unappealable sixty days after the entry of the district court's order, that is, on October 31, 2009. Pursuant to 29 U.S.C. § 2412(d)(1)(B), Plaintiff would then have thirty days in which to file her application for attorney fees. However, by failing to file objections to the magistrate's report and recommendation,

Defendant waived his right to appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). Thus, the judgment in this action became final and unappealable on August 31, 2009 and the thirty-day clock began to run on that date. Nonetheless, because the EAJA's 30-day time limit for fee applications is not jurisdictional, the deadline is subject to equitable tolling. *See Townsend v. Commissioner*, 415 F.3d 578, 583 (6th Cir. 2005). In light of Defendant's failure to file any opposition to Plaintiff's fee application, we find that equitable tolling would be appropriate under the circumstances. Thus, Plaintiff shall not be barred from filing her application for attorney fees under the EAJA.

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

### Prevailing Party

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, Plaintiff's net worth was less than $2,000,000. Moreover, Plaintiff became the "prevailing party" when she obtained a remand pursuant to sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993)(social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

### Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989)(per

2

curiam). It is the government's burden under EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991); *United States v. 5,507.38 Acres of Land*, 832 F.2d 882, 883 (5th Cir. 1987). *See also Howard v. Heckler,* 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court finds the Commissioner's position was not substantially justified. The Commissioner has not met his burden of proof showing his position was substantially justified. In failing to file a response to Plaintiff's motion, the Commissioner has failed to argue that the government's position was substantially justified. As the substantial justification of the Commissioner's position is not in dispute, the Court therefore finds that the Commissioner's position in this matter was not substantially justified.

### Special Circumstances

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which Plaintiff's counsel is entitled.

### Calculation of Fee Award

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees and expenses in the amount of $2,579.00, consisting of attorney fees of $2,229.00 and costs and expenses of $350.00. Plaintiff requests an hourly attorney fee of $178.32 based on cost of living increases since enactment of the EAJA.

Although the cost of living "has risen since the enactment of the EAJA," *Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992), the decision whether this increase justifies a fee in excess of the $125.00 statutory rate is a matter left within the

district court's discretion. *Id.* at 200. The Sixth Circuit has stated that the $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

In this case, Plaintiff has requested a cost of living increase for services rendered after March 29, 1996, the date the statutory rate increased from $75.00 to $125.00. *See London v. Halter*, 203 F. Supp.2d 367, 373 (E.D. Tenn. 2001). The Court concludes that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA.

This Court has recently determined that the cost of living increase should be based on the multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which plaintiff filed his EAJA petition (current rates). *See Jones v. Commissioner of Social Security*, 2007 WL 1362776 (S.D. Ohio May 8, 2007) (Barrett, J.).[1] In determining the COLA rate to use, the Court notes that the CPI is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Knudsen v. Barnhart*, 2004 W.L. 3240489, *10 (N.D. Iowa 2004); *Gates v. Barnhart*, 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002). In the event that an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *See Knudsen*, 2004 W.L. 3240489, *10; *Gates*, 325 F. Supp.2d at 1347.

---

[1] Utilizing cost of living adjustment rates based on the date plaintiff became a prevailing party or when the court awards fees (current rates) would be tantamount to an award of prejudgment interest against the government contrary to the rule set out in *Library of Congress v. Shaw*, 478 U.S. 310, 320-21 (1986). In *Shaw*, the Supreme Court held that interest cannot be recovered in a suit against the United States absent an express waiver of sovereign immunity from the award of interest separate from a general waiver of immunity to suit. 478 U.S. at 311. This so-called no-interest rule has been applied to EAJA fee cases in determining the appropriate cost of living adjustment rate to employ. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Kerin v. United States Postal Service*, 218 F.3d 185, 194 (2d Cir. 2000); *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 712 (D.C. Cir. 1997); *Marcus v. Shalala*, 17 F.3d 1033, 1039-40 (7th Cir. 1994); *Perales v. Casillas*, 950 F.2d 1066, 1074-77 (5th Cir. 1992). The Circuit Courts in these cases have held that adjusting EAJA fees for inflation for a period of time that occurred after legal services were rendered constitutes an award of interest from which the United States is immune absent Congressional authorization. *Id.* This Court agrees that using the "current" cost of living adjustment rate to calculate the amount of attorney's fees in this case would amount to a de facto award of pre-judgment interest and violate the sovereign immunity of the government. The Court therefore utilizes the "historic" COLA rates in determining fees in this matter.

4

Applying these principles to the instant case, the Court computes the COLA increase as follows. The Court applies the Consumer Price Index (CPI) for Services for the Midwest Urban area.[2] *See Riley v. Barnhart,* Case No. 1:02-cv-625 (S.D. Ohio Feb. 10, 2005) (Weber, J.) (Doc. 39, adopting Report and Recommendation of Dec. 3, 2004) (use of the CPI of "services" is a more accurate reflection of increase in value of legal services than CPI of "all items"). In March 1996, when the $125.00 statutory rate became effective, the CPI was 166.5 for Midwestern Urban consumers. In 2008, the CPI was 241.771. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $181.51 (2008 CPI of 241.771 divided by March 1996 CPI of 166.5 times $125.00). In 2009, the average of the monthly CPI multipliers for the year through August 2009, the last month counsel performed work on the case, was 243.24. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $182.61. (Average 2009 CPI of 243.24 divided by March 1996 CPI of 166.5 times $125.00).

As discussed above, the proper CPI for legal services rendered should be based on the 'Midwest Urban, Services" CPI for the year in which those services were performed. Plaintiff does not indicate which yearly CPI she relies upon in requesting a $178.32. hourly fee. Had Plaintiff sought a fee award applying the annualized CPI for Services for the Midwest Urban, which this Court finds to yield the proper cost of living increase, Plaintiff's counsel would have been entitled to hourly fees of $181.51 for work performed in 2008, and $182.61 for work performed in 2009. Accordingly, the Court finds the $178.32 rate sought by Plaintiff to be reasonable in this matter.[3]

Plaintiff has not requested an increase in the rate based upon any "special factor." *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $178.32 hourly rate shall be applied. Counsel states he worked 12.5 hours on all District Court proceedings, including the preparation of his fee petition, which is compensable pursuant to *Commissioner v. Jean,* 496 U.S. 154, 162 (1990). The Commissioner does not challenge the number of hours submitted by counsel. The Court finds such hours reasonable and relevant to the prosecution of this matter. Plaintiff is entitled to compensation for 12.5 hours at a rate of $178.32. Application of this rate to the compensable hours yields an attorney fee of $2229.00.[4] Accordingly, the Court finds the requested fee by counsel to be reasonable and should be awarded under EAJA.

---

[2] U.S. Department of Labor Bureau of Labor Statistics, Consumer Price Index–All Urban Consumers, Midwest Urban, Services, 1982-84=100, Series Id: CUURO200SAS (http://data.bls.gov/cgi-bin/dsrv)

[3] Because the hourly rate proposed by Plaintiff is lower than the result obtained by the Court using the 2008 and 2009 CPI, the United States will not be prejudiced in adopting the rate proposed by Plaintiff.

[4] As discussed *supra*, had Plaintiff sought fees according to the CPI for Services for the Midwest Urban area which this Court has found to be the appropriate list of multipliers, he would have been entitled to a fee of $2645.37 plus $350 in costs, resulting in a total award of $2995.37.

5

The Court therefore **RECOMMENDS THAT** the EAJA fee petition filed by Plaintiff's counsel (Doc. 12) be **GRANTED** and that counsel be **AWARDED** $2,229.00 in attorney fees and $350.00 in costs, for a **TOTAL AWARD of $2,579.00**

Date 1/21/10

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\SOC_SEC\R&R\Fantetti.eaja.wpd